## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

SALZGITTER MANNESMANN                 §
INTERNATIONAL (USA) INC.,             §
        Plaintiff,            §
                                  §
v.                                    §    C.A. NO. _____
                                  §    Admiralty Rule 9(H)
M/V SONG HAI, in rem, her engines     §
tackle and apparel, et. al            §
                                  §
v.                                    §
                                  §
COSCO BULK CARRIER CO. LTD.; and      §
WESTERN BULK CARRIERS K/S             §
        Defendants            §

## COMPLAINT

The plaintiff, Salzgitter Mannesmann International (USA) Inc., by its attorneys, Hill Rivkins & Hayden LLP, complaining of the above-named vessel and defendants, alleges upon information and belief:

### A.

1.    This is an admiralty or maritime claim within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

### B.

2.    Venue applies in Houston, Texas, since the vessel arrived in Houston on the voyage in question, and discharged part of the Plaintiff's cargo in Houston.

### C.

3.    At and during all the times hereinafter mentioned, plaintiff was the consignee and owner of the cargo in question and brings this action on its own behalf and on behalf of all who may become interested in the cargo. Plaintiff had and now has the legal status and principal office and place of business stated in Schedule A attached.

**D.**

4.     At and during all the times hereinafter mentioned, defendants COSCO Bulk Carrier Co. Ltd. ("Cosco"), and Western Bulk Carriers KS, (hereinafter "WBC"), (collectively "defendants"), had and now have the legal status and offices and places of business stated in Schedule A. They were, and now are, engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and/or controlled the above-named vessel which now is, or will be, within the jurisdiction of this Court during the pendency of this action.

**E.**

5.     On or about June 13, 2008, and at the port of Odessa, Ukraine, there was delivered to the M/V Song Hai and defendants in good order and condition, the shipment described in Schedule A, which the said vessel and defendants received, accepted and agreed to transport for certain consideration to the Port of Houston, Texas.

**F.**

6.     At the Port of Odessa, Ukraine, defendants and/or their subcontracted stevedores, negligently loaded the cargo, causing it physical damage, and contributing to the damages found to have occurred when the cargo arrived in Houston.

**G.**

7.     Thereafter, the said vessel arrived at the Port of Houston, where the cargo was delivered physically damaged, and/or otherwise damaged.  On information and belief, defendants negligently handled the cargo causing it to be physically damaged, and contributing to the damages found to have occurred when the cargo arrived in Houston.

**H.**

8.     By their negligent handling and transportation of the cargo carried from Odessa to Houston, defendants caused and/or contributed to the damage to said shipment.

**I.**

9.      By reason of the premises, the above-named vessel and defendants breached, failed and violated their duties and obligations as common carriers, and were otherwise at fault.

**J.**

10.      Plaintiff was the consignee or owner of the shipment, as described in Schedule A, and, brings this action on its own behalf and, as agent and trustee, on behalf of, and for, the interest of all parties who may be, or become, interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

**K.**

11.      Plaintiff has duly performed all duties and obligations on its part to be performed.

**L.**

12.      By reason of the above-stated premises, plaintiff has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of $77,129.74.

**M.**

13.      Plaintiff further alleges, in the alternative and without waiving the above cause of action, that all defendants were bailees to the plaintiff's insured's cargo described in Schedule A at, before, and/or after, the cargo's delivery to the vessel, and/or at the Port of Houston as described in Schedule A.  The bailment for mutual benefit between the plaintiff/cargo interests and the defendants was made express by oral contract, written contract, the bills  of lading, or alternatively, was an implied contract.  The defendants delivered the cargo described in Schedule A in a damaged condition which did not exist at the time of the plaintiff's/bailor's delivery to the bailee as described in Schedule A. The defendants breached their duties and obligations as bailees and were negligent.

**N.**

14.    As a result of the above breach and negligence, defendants proximately caused plaintiff's insured's property to be damaged, thus causing plaintiff, to suffer damages in the amount of $77,129.74, for which plaintiff prays for recovery.

**O.**

15.    All and singular the premises are true and within the admiralty, maritime, and pendent jurisdiction of the United States and of this Honorable Court.

WHEREFORE, plaintiff prays:

1. That summons in due form of law may issue against defendants;

2. That a judgment may be entered in favor of plaintiff against defendants, one or more of them, for the amount of plaintiff's damages and attorneys' fees aforesaid, together with interest and costs and the disbursements of this action;

3. That process in due form of law according to the practice of this Court in causes of admiralty or maritime jurisdiction may issue against said motor vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath all and singular the matters aforesaid, and this Court will be pleased to pronounce a judgment in favor of plaintiff for its said damages and attorneys' fees, together with interest, costs and disbursements, and the said motor vessel may condemned and sold to pay therefor;

4. That this Court will grant to plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

DANA K. MARTIN
SDTX I.D. No.: 126
Texas Bar No.: 13057830
SARA M. BANKS
SDTX I.D. No.: 959003
Texas Bar No.: 24064861
712 Main Street, Suite 1515
Houston, Texas 77002
Telephone: (713) 222-1515
Direct Line: (713) 457-2287
Telefax: (713) 222-1359
E-mail: dmartin@hillrivkins.com
E-mail: sbanks@hillrivkins.com

ATTORNEY IN CHARGE FOR
PLAINTIFF            SALZGITTER
INTERNATIONAL (USA), INC.

OF COUNSEL:

HILL RIVKINS & HAYDEN LLP

THE STATE OF TEXAS        *
                          *
COUNTY OF HARRIS          *

Dana K. Martin, being duly sworn, deposes and says:

He is an attorney and member of the firm of Hill Rivkins & Hayden LLP, attorneys for plaintiff herein; he has read the foregoing complaint and knows the contents thereof; and that the same is true to his own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, he believes them to be true.

The sources of deponent's information and the grounds for his belief as to those matters stated in the complaint, to be alleged on information and belief, are documents and records in his files.

Subscribed and sworn to before me, the undersigned authority, this 7th day of October, 2009.

ROSA LANDIN
MY COMMISSION EXPIRES
March 26, 2012

Notary Public, State of Texas
My Commission Expires 3/26/2012

## SCHEDULE A

## LEGAL STATUS AND PLACE OF BUSINESS OF PARTIES

Plaintiff, Salzgitter Mannesmann International (USA) Inc., was and now is a Delaware Corporation or other entity with an office and place of business in Houston, Texas.

M/V Song Hai, was at all material times a general cargo vessel (bulker) sailing under the People's Republic of China flag. Her call sign is BOHO. The vessel was built in 1998, and its gross tonnage is 27,585 tons.

Defendant, **COSCO Bulk Carrier Co. Ltd.**, was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent in Texas upon whom service may be made, and thus may be served through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home offices:

No. 1 Ocean Shipping Plaza
Hebei District
Tianjin 300010, China

Or its United States office at:
COSCO America Inc.
100 Lighting Way

Defendant, **Western Bulk Carriers K/S, ("WBC")** was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made, and thus may be served through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home offices at:

Karenslyst Alle 8B
P.O. Box 78 Skoyen
N-0212 Oslo, Norway.

## DESCRIPTION OF SHIPMENT

Vessel:                              M/V Song Hai

Date of Shipment:                    July 29, 2008

Port of Shipment:                    Odessa, Ukraine

Port of Discharge:                   Houston, Texas

Shipper:                             Salzgitter Mannesmann International GmbH

Consignee:                           Salzgitter Mannesmann International (USA), Inc.

Description of Shipment:             Hot-rolled steel plates

Nature of Loss or Damage:            physically damaged

Amount:                              $77,129.74